

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,695-02

**EX PARTE RODNEY BRYANT CARNES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B16636-2 IN THE 198TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to evading arrest with a motor vehicle, and was sentenced to fifty years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because trial counsel failed to communicate a fifteen-year plea offer to him, and that his guilty plea was not knowingly and voluntarily entered because he was not aware of this first plea offer. According to Applicant, the fifteen-year offer was made by the State before he was arrested for this offense. Applicant

alleges that his original appointed counsel communicated a later 25-year offer to him, which he rejected. However, Applicant alleges that he would have accepted a fifteen-year offer had he known about such an offer. Applicant later retained a different attorney, who negotiated the fifty-year plea offer that Applicant eventually accepted. Applicant also alleges that his retained attorney did not advise him of the previous fifteen-year offer or try to get such an offer reinstated.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the trial prosecutor to submit an affidavit detailing all plea offers that were extended in this case, the dates when any such offers were extended and withdrawn, and Applicant's response to any such offers. The trial court shall order both Applicant's appointed and retained trial attorneys to respond to Applicant's claims of ineffective assistance of counsel. Specifically, both attorneys shall detail all plea offers that were made during their respective representations, the dates upon which such offers were made and/or withdrawn, whether Applicant was advised of any such offers, and whether he declined any such offers in writing. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial attorneys was deficient and, if so, whether either attorney's deficient

performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's allegation that he would have accepted a fifteen-year offer had he been made aware of such an offer is credible, and as to whether Applicant's eventual decision to plead guilty in exchange for a fifty-year sentence was knowingly and voluntarily made. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 2, 2019
Do not publish